IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAHLED ALATTAR | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-00266 |
| | § | |
| SANO HOLDINGS, INC., et al, | § | |
| | § | |
| Defendants and Third-Party Defendants. | § | |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER

**Kevin Lisman ("Lisman")**, Defendant, files the following Original Answer to Luxeyard's Cross-claims and Third Party Petition pursuant to the Federal Rules of Civil Procedure. All facts or assertions not expressly admitted are hereby denied.

**Answer**

**I.    Discovery Control Plan**

1.    This case has been removed from State Court to Federal Court. Rule 190.4 TRCP does not apply. A Federal Discovery Plan is being filed.

**II.    Parties and Service of Process**

2.    Admitted.

3.    Lisman is without sufficient knowledge or information to form a belief, therefore denied.

4.    Admitted.

5.    Lisman is without sufficient knowledge or information to form a belief, therefore denied.

6.    Lisman is without sufficient knowledge or information to form a belief, therefore denied.

7.    Lisman is without sufficient knowledge or information to form a belief, therefore denied.

8. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

9. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

10. Admitted.

11. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

12. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

13. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

14. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

15. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

16. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

17. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

18. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

19. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

20. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

21. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

22. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

23. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

24. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

25. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

26. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

27. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

28. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

29. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

30. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

### III. Jurisdiction and Venue

31. Admitted that the Federal Court has jurisdiction and venue due to the diversity of parties and Federal questions of law. Lisman denies having committed any tortious acts in the District, but admits to conducting business in the District.

### IV. Facts

**A. The nature of the Case**

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

**B. The Creation of Luxeyard**

41. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

42. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

43. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

**C. Acquisition of the Shell Corporation**

44. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

45. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

46. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

47. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

**D.    Forging Unrestricted Shares**

52. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

53. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

54. Denied.

55. Denied.

**E.    Inflating the LuxeYard Share Price**

56. Denied.

57. Denied.

58. Denied.

59. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

60. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

61. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

62. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

63. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

64. Denied.

**F.    The Coordinated Selling of Luxeyard Stock**

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

**G.     The Defendants' Previous Schemes**

71. Denied.

**H.     The Defendants' Ongoing Conduct**

72. Denied.

73. Denied.

**V.     Causes of Action**

**Profit Disgorgement Pursuant to Section 16(b) of the Securities Exchange Act**

74. No responsive pleading necessary.

75. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

76. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

77. Denied.

78. Denied.

79. Denied.

**Fraud and Conspiracy to Commit Fraud**

80. No responsive pleading necessary.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

### Aiding and Abetting

85. No responsive pleading necessary.

86. Denied.

### Unjust Enrichment

87. No responsive pleading necessary.

88. Denied.

### Alter Ego/Piercing the Corporate Veil

89. No responsive pleading necessary.

90. Lisman is without sufficient knowledge or information to form a belief, therefore denied.

91. Denied.

### Exemplary Damages

92. No responsive pleading necessary.

93. Denied.

94. Denied.

## VI.  Jury Demand

95. No responsive pleading necessary.

## VII.  Prayer

96. No responsive pleading necessary.

Respectfully submitted,

ENGELHARDT LAW, PLLC

By: /s/ Steven Engelhardt
    Steven Engelhardt
    State Bar No. 06624500
    S.D. Tex. Bar No. 763
    4544 Post Oak Place Dr., Suite 270
    Houston, Texas 77027
    713-626-1616
    713-626-1636 (fax)
    steven@engelhardtlaw.com

ATTORNEY FOR DEFENDANT
    **Kevin Lisman**

## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Defendant's Original Answer to Cross-Claims was forwarded by hand delivery, fax, certified mail, return receipt requested or regular mail on this the 5th day of March, 2014 to:

Brian M. Keller, Mitchell A. Green
Faubus Keller, LLP
1001 Texas Avenue, 11th Floor
Houston, Texas 77002
713-222-6400
713-222-7240 (Fax)
**brian@faubuskeller.com**
**mark@faubuskeller.com**
**jt@faubuskeller.com**
**erin@faubuskeller.com**
*Attorney-in-charge for Plaintiff Khaled Alattar*

David R. Clouston, Leslye Moseley
Sessions Fishman Nathan & Israel LLC
900 Jackson Street, Suite 440
Dallas, Texas 75202
214-741-3024
214-741-3055 (Fax)
**dclouston@sessions-law.biz**
**epark@sessions-law.biz**
**crichie@sessions-law.biz**
**lmoseley@sessions-law.biz**
*Attorneys for Jonathan Friedlander, Equity Highrise, Inc., Scott Gann, Lazy Bear LLC, Lee Bear LLC, Sun Bear LLC, OSO Capital LLC and Joseph Lee*

Jason M. Hopkins
Jason S. Lewis
Locke Lord LLP
200 Ross Avenue, Suite 2200
Dallas, Texas 75201
214-665-3660
214-665-5960 (fax)
**hopkinsjm@gtlaw.com**
**lewisjs@gtlaw.com**
*Attorneys for Defendants Jinsun, LLC, Kevan Casey, and Far East Strategies LLC*

Danny Sheena
The Sheena Law Firm
2500 West Loop South, Suite 518
Houston, Texas 77027
713-224-6508
713-225-1560 (fax)
**danny@sheenalawfirm.com**
**jason@sheenalawfirm.com**
**cristina@sheenalawfirm.com**
*Attorney for Defendants Amir Mireskandariand TOP GEAR, INC. n/k/a LUXEYARD, INC.*

Jeffrey Karchmer
3555 Timmons Lane, Suite 610
Houston, Texas 77027
713-850-8888
832-900-9535 (Fax)
**jeff@karchmerlaw.com**
*Attorney for Defendant Frederick Huttner and Huttner 1999 Partnership, Ltd.*

Mark S. Hellinger
The Hellinger Law Firm
12 Greenway Plaza, Suite 1100
Houston, Texas 77046
713-623-1153
713-623-1221 (Fax)
**mhellinger@hellingerlawfirm.com**
*Attorney for Jonathan Camarillo and the Jonathan Camarillo Trust*

J. Randle Henderson
16506 FM 529, Suite 115-107
Houston, Texas 77095
713-870-8358
281-758-0545 (Fax)
**jrh@hendersonrandy.com**
*Attorney for Defendants Kay Holdings, Inc., Lawrence Isen, and Lance Baral*

David K. Bissinger
Gerald S. Sigmyer
Jason. E. Williams
Sigmyer, Oshman, & Bissinger, LLP
2777 Allen Parkway, Tenth Floor
Houston, Texas 77019
713-524-8811
713-524-4102 (Fax)
**sglover@bizlawhouston.com**
**jwilliam@bizlawhouston.com**
**mromo@bizlawhouston.com**
**aanderson@bizlawhouston.com**
**samantha@bizlawhouston.com**
*Attorneys for Defendant Jeffrey Sater*

Kevin T. Kennedy
4550 Post Oak Place, Suite 210
Houston, Texas 77027
713-862-3000
713-979-2003 (Fax)
**k.t.p.kennedy@gmail.com**
*Attorney for Intervenor Ronen Barkan and Babak Daghighi*

John Courtade
Attorney at Law
4408 Spicewood Springs Road
Austin, Texas 78759
512-502-1135
512-502-1138 (Fax)
**johncourtade@johncourtade.com**
*Attorney for Defendant David Nagelberg*

Charley Davidson
Anthony L. Laporte
Hanszen Laport, LLP
11767 Katy Freeway, Suite 850
Houston, Texas 77079
713-522-9444
713-524-2580 (Fax)
**ccdavison@hanzenlaporte.com**
**alaporte@hanzenlaporte.com**
*Attorney for Mark Trotter*

Jonathan D. Neerman
Seth Jackson
Jackson Walker L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
**jneerman@jw.com**
**jsjohnson@jw.com**
*Attorneys for Apex Clearing Corporation*

Arthur Gollwitzer, III
Michael Best & Friedrich LLP
12600 Hill Country Blvd., Suite R-275
Austin, Texas 78738
**agollwitzer@michaelbest.com**
*Attorney for Wilson-Davis & Co.*

Thomas F.A. Hetherington
Edison, McDowell & Hetherington, LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas  77027
**tom.hetherington@emhllp.com**
**blaire.johnson@emhllp.com**
*Attorneys for Acadia Holding Corporation*

Thomas L. Taylor, III
Andrew M. Goforth
The Taylor Law offices, P.C.
4550 Post Oak Place Drive, Suite 241
Houston, Texas 77027
**taylor@tltalorlaw.com**
**goforth@tltaylorlaw.com**
*Attorney for Defendant Mesia Huttner Hachadorian*

/s/ Steven Engelhardt
Steven Engelhardt