IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAHLED ALATTAR | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-00266 |
| | § | |
| SANO HOLDINGS, INC., et al, | § | |
| | § | |
| Defendants and Third-Party  Defendants. | § | |
| _____ | § | |

**FIRST AMENDED ANSWER OF SCOTT GANN, LEE BEAR, LLC, LAZY BEAR, LLC,
SUN BEAR, LLC AND OSO CAPITAL, LLC
TO PLAINTIFF'S FOURTEENTH AMENDED PETITION**

TO THE UNITED STATES DISTRICT JUDGE OF THIS COURT:

Defendants Scott Gann, Lazy Bear, LLC, Lee Bear, LLC, Sun Bear, LLC and OSO

Capital, LLC (collectively referred to as the "Defendants") file this First Amended Answer in

response to the various claims made in Plaintiff's Fourteenth Amended Petition [filed in State

Court on January 15, 2014 prior to the Removal of the Case] ("the Petition") pursuant to the

Federal Rules of Civil Procedure. All facts or assertions not expressly admitted are hereby

denied.

**Discovery Control Plan**

1.      This case has been removed from State Court to Federal Court and thus the Texas

Rules of Civil Procedure do not apply.

**Parties and Service of Process**

2.      The Defendants admit that Khaled Alattar is the plaintiff in this case, but are

without knowledge or information sufficient to form a belief as to the truth of the residential

allegations contained in remainder of paragraph 2.

3.      The Defendants admit the allegations in paragraph 3.

4.      The Defendants admit the allegations in paragraph 4.

5.      The Defendants admit the allegations in paragraph 5.

6.      The Defendants admit the allegations in paragraph 6.

7.      The Defendants admit the allegations in paragraph 7.

8.      The Defendants admit the allegations in paragraph 8.

9.      The Defendants admit the allegations in paragraph 9.

10.     The Defendants admit the allegations in paragraph 10.

11.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19.     The Defendants admit the allegations in paragraph 19.

20.     The Defendants admit the allegations in paragraph 20.

21.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24. It is Defendants' understanding that Mesia Huttner Hachadorian is no longer a party in this lawsuit.

25.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.     Defendants admit that Lazy Bear, LLC has appeared and answered.

29.     Defendants admit that Lee Bear, LLC has appeared and answered.

30.     Defendants admit that Sun Bear, LLC has appeared and answered.

31.     Defendants admit that OSO Capital, LLC has appeared and answered.

## Jurisdiction and Venue

32.     The Defendants deny that venue and jurisdiction are proper in Harris County Texas. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Top Gear's contacts with the State of Texas or its purposeful available to the laws of the State of Texas. Defendants deny that they have "sufficient contacts with the state of Texas or that they have purposefully available themselves of the laws of this State." Defendants deny giving "express authority to an in-state agent to act on their behalf. Defendants deny that they accepted benefits from an "in state perpetrator." The Defendants deny the remaining allegations contained in paragraph 32.

## Summary

33.     Defendants deny that A&J conceded this case involved a pump and dump. Defendants deny the existence of "an illegal 'pump and dump' stock scheme."

34.     Defendants deny the allegations contained in paragraph 34.

35.     Defendants deny the allegations contained in paragraph 35.

36.     Defendants deny the allegations contained in paragraph 36.

## Factual Background

37.     Defendants admit to being told by Mireskandari that the Luxeyard concept was to become a flash sales website for luxury goods. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37.

38.     Defendants deny "acting in concert with Huttner and Casey" to "see the potential to scam Alattar and Mireskandari." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38.

39.     Defendants admit that LY Retail went public through a reverse merger with Luxeyard, Inc. Defendants admit that a reverse merger is an SEC-authorized means of taking a private company public. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41.     Defendants are unclear as to the definition of "the Casey team" but deny involvement in any team.  Defendants deny the intent to use Luxeyard as a pump and dump scheme. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41.

42.     Defendants are unclear as to the definition of "the Casey team" but deny involvement in any team.  Defendants deny the intent to use Luxeyard as a pump and dump scheme. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.     Defendants deny that they intended to defraud Alattar and Mireskandari. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44.

45.     Defendants admit that they obtained free trading stock in Luxeyard.  Defendants deny the remainder of allegations contained in paragraph 45.

46.     Defendants deny "dump[ing] a large volume of supposedly unrestricted shares—shares that should have been restricted." Defendants deny involvement in a conspiracy. Defendants deny the remainder of the allegations contained in paragraph 46.

47.     Defendants are unclear as to the definition of "defendants" as referenced in the seventeenth bullet, located on page 13, but out of an abundance of caution deny involvement in any pump and dump schemes. Defendants are unclear as to the definition of "inner circle" as referenced in the twentieth bullet, located on page 13, but out of an abundance of caution deny involvement in any pump and dump scheme. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.     Plaintiff's Fourteenth Amended Petition does not contain a paragraph 49.

## Causes of Action

## Common Law Fraud

50.     The allegation in paragraph 50 is a reallegation of Paragraphs 1 through 48 and incorporation by reference. The Defendants incorporate their previous responses.

51.     Defendants deny the allegations contained in paragraph 51.

52.     Defendants deny "insider" status. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52.

53.     Defendants are unclear as to the definition of "the Casey team" but deny involvement in any team and, out of an abundance of caution, deny the allegations contained in

paragraph 53 to the extent Plaintiff is attempting to name Defendants as taking part in any actions referenced therein.

54.     Defendants are unclear as to the definition of "These Defendants" as referenced in paragraph 54, but out of an abundance of caution deny involvement in any pump and dump scheme or any representations to Alattar. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54.

55.     Defendants deny receiving any shares "in furtherance of the pump and dump scheme." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55.

56.     Defendants are unclear as to the definition of "Defendants" as referenced in paragraph 56, but out of an abundance of caution deny making any representations to Alattar. Defendants deny the remainder of the allegations in paragraph 56.

57.     Defendants are unclear as to the definition of "Defendants" as referenced in paragraph 57, but out of an abundance of caution deny making any representations to Alattar. Defendants deny the remainder of the allegations in paragraph 57.

58.     Defendant Gann admits to receiving an SEC fine related to the trading of mutual funds. Defendants deny the remainder of the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

## Fraud by Nondisclosure

62.     The allegation in paragraph 62 is a reallegation of Paragraphs 1 through 61 and incorporation by reference. The Defendants incorporate their previous responses.

63.     Defendants deny making any representations to Alattar, and deny failure to disclose new material information. Defendants deny "remaining deliberately silent" or "failing to disclose facts with the intent to induce Alattar to enter into a reverse merger." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations against A&J contained in paragraph 64. Defendants deny making any representations to Alattar. Defendants deny committing fraud by nondisclosure. Defendants deny the remainder of the allegations in paragraph 64.

**Statutory Fraud**

65.     The allegation in paragraph 65 is a reallegation of Paragraphs 1 through 64 and incorporation by reference. The Defendants incorporate their previous responses.

66.     Defendants deny making any representations to Alattar. Defendants deny committing statutory fraud. Defendants deny the remainder of the allegations in paragraph 66.

67.     Defendants deny making any representations to Alattar. Defendants deny committing statutory fraud. Defendants deny the remainder of the allegations in paragraph 67.

**Breach of Fiduciary Duty**

68.     The allegation in paragraph 68 is a reallegation of Paragraphs 1 through 67 and incorporation by reference. The Defendants incorporate their previous responses.

69.     Defendants deny the existence of any fraud. Defendants deny conspiring with A&J or that any conspiracy existed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 69.

70.     Defendants deny having control or dominance over the decision making and daily business affairs of Luxeyard. Defendants deny concealing any material nonpublic information from Alattar. Defendants deny being an officer or insider of the company. Defendants deny being an affiliate of the company. Defendants deny acting as an agent for Alattar. Defendants deny "promis[ing] to guide Alattar through the reverse merger process as well as the "market awareness" process." Defendants deny exercising dominance or undue influence over Alattar. Defendants deny owing Alattar a fiduciary duty. Defendants deny possessing or trading on "material nonpublic information." Defendants deny the remainder of the allegations in paragraph 70.

## Violation of the Texas Securities Act

71.     The allegation in paragraph 71 is a reallegation of Paragraphs 1 through 70 and incorporation by reference. The Defendants incorporate their previous responses.

72.     Defendants deny aiding and abetting anyone in a violation of the Texas Securities Act. Defendants deny the remainder of the allegations in paragraph 72.

73.     Paragraph 73 is duplicative of paragraph 58. Defendants incorporate their response to paragraph 58 herein.

74.     Paragraph 74 is duplicative of paragraph 59. Defendants incorporate their response to paragraph 59 herein.

75.     Paragraph 75 is duplicative of paragraph 60. Defendants incorporate their response to paragraph 60 herein.

76.     Paragraph 76 is duplicative of paragraph 61. Defendants incorporate their response to paragraph 61 herein.

77.     Defendants deny the allegations in paragraph 77.

**Conspiracy**

78.     The allegation in paragraph 78 is a reallegation of Paragraphs 1 through 77 and incorporation by reference. The Defendants incorporate their previous responses.

79.     Defendants deny the allegations in paragraph 79.

80.     Paragraph 80 is duplicative of paragraph 58 and 73. Defendants incorporate their response to paragraph 58 herein.

81.     Paragraph 81 is duplicative of paragraph 59 and 74. Defendants incorporate their response to paragraph 59 herein.

82.     Paragraph 82 is duplicative of paragraph 60 and 75. Defendants incorporate their response to paragraph 60 herein.

83.     Paragraph 83 is duplicative of paragraph 61 and 76. Defendants incorporate their response to paragraph 61 herein.

84.     Paragraph 84 is duplicative of paragraph 77. Defendants incorporate their response to paragraph 77 herein.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

**Aiding and Abetting**

87.     The allegation in paragraph 87 is a reallegation of Paragraphs 1 through 86 and incorporation by reference. The Defendants incorporate their previous responses.

88.     Defendants deny the allegations in paragraph 88.

89.     Paragraph 89 is duplicative of paragraph 58, 73 and 80. Defendants incorporate their response to paragraph 58 herein.

90.     Paragraph 81 is duplicative of paragraph 59, 74 and 81. Defendants incorporate their response to paragraph 59 herein.

91.     Paragraph 91 is duplicative of paragraph 60, 75 and 82. Defendants incorporate their response to paragraph 60 herein.

92.     Paragraph 92 is duplicative of paragraph 61, 76 and 83. Defendants incorporate their response to paragraph 61 herein.

93.     Paragraph 93 is duplicative of paragraph 77 and 84. Defendants incorporate their response to paragraph 77 herein.

94.     Paragraph 94 is duplicative of paragraph 85. Defendants incorporate their response to paragraph 85 herein.

95.     Paragraph 95 is duplicative of paragraph 86. Defendants incorporate their response to paragraph 86 herein.

**Unjust Enrichment**

96.     The allegation in paragraph 96 is a reallegation of Paragraphs 1 through 95 and incorporation by reference. The Defendants incorporate their previous responses.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

**Money Had and Received**

99.     The allegation in paragraph 99 is a reallegation of Paragraphs 1 through 98 and incorporation by reference. The Defendants incorporate their previous responses.

100.    Defendants deny involvement in any pump and dump scheme. Defendants deny the remainder of the allegations in paragraph 100.

101.    Defendants deny involvement in any pump and dump scheme. Defendants deny the remainder of the allegations in paragraph 101.

**Constructive Trust**

102.    The allegation in paragraph 102 is a reallegation of Paragraphs 1 through 101 and incorporation by reference. The Defendants incorporate their previous responses.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

**Negligence**

105.    The allegation in paragraph 102 is a reallegation of Paragraphs 1 through 104 and incorporation by reference. The Defendants incorporate their previous responses.

106.    Defendants deny that A&J "admit[ed] to a pump and dump. Defendants deny conspiring with A&J or anyone else regarding a pump and dump. Defendants deny the remainder of the allegations in paragraph 106.

**Exemplary Damages**

107.    The allegation in paragraph 107 is a reallegation of Paragraphs 1 through 106 and incorporation by reference. The Defendants incorporate their previous responses.

108.    Defendants deny the allegations in paragraph 108.

109.    Defendants deny the allegations in paragraph 109.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110.

**RICO**

111.    The allegation in paragraph 111 is a reallegation of Paragraphs 1 through 110 and incorporation by reference. The Defendants incorporate their previous responses.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants admit sending money via wire transfer for an investment in Luxeyard. Defendants deny the remainder of the allegations contained in paragraph 113.

114.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114.

**Fraudulent Transfer under the Texas Uniform Fraudulent Transfer Act**

115.    The allegation in paragraph 115 is a reallegation of Paragraphs 1 through 114 and incorporation by reference. The Defendants incorporate their previous responses.

116.    Defendants deny the allegations in paragraph 116.

**Damages and Jury Demand**

117.    The allegation in paragraph 117 is a reallegation of Paragraphs 1 through 116 and incorporation by reference. The Defendants incorporate their previous responses.

118.    Defendants deny that Plaintiff is entitled to damages.

**Request for Relief**

119.    Defendants deny that anyone testified regarding "damages" in the amount of $150 million. Defendants deny the remainder of the allegations in the request for relief.

## AFFIRMATIVE DEFENSES

120.    Plaintiff's Petition, or part thereof, fails to state a claim upon which relief can be granted.

121.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing to sue. Plaintiff's claims are artfully pled derivative claims that belong to Luxeyard or LY Retail. Those claims have been litigated and settled and thus are all released. In order to have standing, Plaintiff must show (1) injury in fact, (2) causation, and (3) redressability. Plaintiff cannot plead

and show that he has an injury in fact or that any alleged action by Defendants caused Plaintiff's alleged damages. Even assuming that Plaintiff's allegations are true, which Defendants expressly deny, Plaintiff cannot show redressability because awarding him damages will not remedy the alleged injury to the actual persons who purchased stock during any alleged pump and dump. Plaintiff has no standing to seek equitable disgorgement or disgorgement under the doctrine of unjust enrichment for money that investors other than Plaintiff paid Defendants in the sale of securities to investors other than Plaintiff. Alattar has no standing to assert claims on behalf of the Securities and Exchange Commission ("SEC") for alleged violations of securities laws as alleged in his Petition that must be brought by the SEC.

122.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of capacity to sue. Plaintiff's claims are artfully pled derivative claims that belong to Luxeyard or LY Retail. Those claims have been litigated and settled and thus are all released. Plaintiff has no capacity to seek equitable disgorgement or disgorgement under the doctrine of unjust enrichment for money that investors other than Plaintiff paid Defendants in the sale of securities to investors other than Plaintiff. Alattar has no capacity to assert claims on behalf of the Securities and Exchange Commission ("SEC") for alleged violations of securities laws as alleged in his Petition that must be brought by the SEC.

123.    Defendants assert the affirmative defense that Plaintiff has failed to plead fraud with particularity against the Defendants.

124.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

125.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

126.    Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

127.     Plaintiff's claims are barred, in whole or in part, by the doctrine of payment and release.

128.     Plaintiff's claims are barred, in whole or in part, because Defendants owed no duty to Plaintiff.

129.     Plaintiff's claims are barred, in whole or in part, because Defendants were not the cause-in-fact of Plaintiff's alleged damages. Plaintiff's damages, if any, are caused by his own reliance on Amir Mireskandari and/or his attorneys.

130.     Defendants assert the affirmative defense that Plaintiff cannot claim conspiracy to commit unintentional torts.

131.     Plaintiff's claims are barred, in whole or in part, because Defendants were not the proximate cause of Plaintiff's alleged damages.

132.     Plaintiff's claims are barred, in whole or in part, because other individuals or entities, including Amir Mireskandari, which Defendants had no control over, are collectively the cause-in-fact and/or sole proximate cause of the damages about which Plaintiff complains.

133.     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any legally cognizable damages.

134.     Plaintiff's claims are barred, in whole or in part, by the doctrine of the assumption of the risk.

135.     Plaintiff's claims are barred, in whole or in part, by the economic loss rule.

136.     Plaintiff's claims are barred, in whole or in part, by the fraud of others.

137.     Plaintiff's claims are barred, in whole or in part, by his failure to mitigate.

138.     Plaintiff's claims are barred, in whole or in part, by ratification.

139.     Plaintiff's claims are barred, in whole or in part, by waiver.

140.     Plaintiff's claims are barred, in whole or in part, due to all releases, disclaimers (including disclaimers of reliance), exclusions, limitations of liability, and other exculpatory clauses contained in any agreements relevant to this action to which (a) Plaintiff is a signatory, (b) Plaintiff claims to be a third-party beneficiary, (c) on which Plaintiff bases any of its claims against Defendants, in whole or in part, or (d) under which Plaintiff otherwise claims to be entitled to any rights or benefits.

141.     Defendants assert the affirmative defense of indemnification.

142.     Defendants assert the affirmative defense that they did not encourage or assist in any wrongful conduct.

143.     Defendants assert the affirmative defense of lack of knowledge. Defendants did not know, and in the exercise of reasonable care could not have known, of the existence of facts by reason of which any primary actor's liability is alleged to exist.

144.     Plaintiff's claims are barred, in whole or in part, because no act or omission of Defendants caused, produced, or contributed to Plaintiff's alleged injuries or damages. Plaintiff's injuries, if any were caused by the acts or omissions of others over whom Defendants had no control and for whose conduct Defendants cannot be held liable.

145.     Plaintiff's claims are barred, in whole or in part, by contributory negligence or comparative fault because any loss occasioned by Plaintiff is attributable, in whole or in part, to the negligent, reckless, or intentional acts or omissions of Plaintiff or his agent, Amir Mireskandari. As a result, Defendants hereby affirmatively plead the defenses of comparative and contributory fault, causation, and negligence. Defendants further plead that Plaintiff's claims are barred, in whole or in part, by the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice & Remedies Code, which are incorporated by reference herein.

146.    Punitive damages must be proven by clear and convincing evidence, if at all. To the extent that punitive damages are found to be appropriate, Defendants invoke the limitations of punitive damages under the provisions of Chapter 41 of the Texas Civil Practice & Remedies Code, which are incorporated by reference herein. Further, Defendants assert that any award of punitive damages against it would violate the due process clause(s) of the United States and/or Texas Constitutions.

147.    Defendants assert the affirmative defense that Plaintiff has failed to plead the elements of a Texas RICO violation with particularity.

148.    Defendants are entitled to an offset or credit against Plaintiff's alleged damages in the amount of any sums already paid by Defendants (or by any other persons or entities) in connection with the settlement of Civil Action No. 04:12-CV-2480 or any other actual or potential litigation involving LuxeYard, LY Retail, LLC, or Top Gear.

149.    Plaintiff has asserted a vague conspiracy claim against Defendants without alleging that Defendants are liable under many of the underlying substantive claims. Accordingly, Defendants hereby give notice that they are relying on, and incorporate herein by reference, all affirmative defenses asserted by any of the other Defendants in this action.

150.    Plaintiff's claims are barred, in whole or in part, because Plaintiff (and/or his agents, representatives, or partners, including Mireskandari) had actual or constructive knowledge of the alleged falsities or allegedly concealed facts on which his claims are based.

151.    Plaintiff's claims are barred under the Texas Uniform Fraudulent Transfer Act because any alleged transfers were made in good faith and in exchange for reasonably equivalent value.

152.     Plaintiff's claims are barred, in whole or in part, because Defendants were not a fiduciary to Plaintiff and owed no fiduciary duty to Plaintiff.

153.     Plaintiff's claims are barred, in whole or in part, because Defendants were not an agent or representative of Plaintiff and were not in a joint venture with Plaintiff and owed no duty to Plaintiff.

154.     Plaintiff's claims are barred, in whole or in part, because Plaintiff disclaimed his reliance on alleged representations in connection with the transfer or sale by Alattar's of Alattar's interests in LY Retail, LLC, the transfer or sale of Alattar's Luxeyard stock, any contract involving Alattar's interests in LY Retail, LLC any contract involving Alattar's Luxeyard stock and claims brought under Texas Business & Commerce Code 27.01.

155.     Defendants hereby gives notice that they intends to rely upon such other and further facts and defenses as may become available or apparent during discovery and pre-trial proceedings in this case and hereby reserves their rights to amend this Answer and assert such facts and defenses.

## PRAYER

WHEREFORE, Defendants pray that Plaintiff take nothing, that the Defendants recover their attorneys' fees and costs, and obtain such other and further relief to which they are justly entitled.

Dated this 20th day of June, 2014.

RESPECTFULLY SUBMITTED:

/s/ Leslye E. Moseley
David R. Clouston, Texas State Bar No. 00787253
Christopher R. Richie, Texas State Bar No. 24002839
Leslye E. Moseley, Texas State Bar No. 24044557
Whitney L. White, Texas State Bar No. 24075269

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
900 Jackson Street, Suite 440
Dallas, Texas  75202
Tel:       (214) 741-3005
Fax:       (214) 741-3055
E-Mail: dclouston@sessions-law.biz

**COUNSEL FOR JONATHAN FRIEDLANDER,
EQUITY HIGHRISE, SCOTT GANN, OSO
CAPITAL, LLC, SUN BEAR, LLC, LAZY BEAR,
LLC, LEE BEAR, LLC, AND JOSEPH LEE**

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served the foregoing certificate of interested persons on all counsel of

record via the Court's CM/ECF system on June 20, 2014.

| Party | Attorney | Email |
|---|---|---|
| Attorneys for Plaintiff Khaled Alattar | Brian Keller<br>JT Oldham<br>Mark Ritchie | brian@fscounsel.com<br>jt@faubuskeller.com<br>Mark@faubuskeller.com |
| Attorneys for Defendants  Kevan Casey, Jinsun, LLC, Far East Strategies | Jason Lewis<br>Jason Hopkins | jlewis@lockelord.com<br>jhopkins@lockelord.com |
| Attorneys for Acadia Holding Corporation | Blaire Johnson | Blaire.Johnson@emhllp.com |
| Attorneys for Defendants  Frederick Huttner and Huttner 1999 Partnership, LTD | Jeffrey Karchmer | Jeff@karchmerlaw.com |
| Attorneys for Defendants  Jonathan Camarillo and The Camarillo Trust | Mark Hellinger | mhellinger@hellingerlawfirm.com |
| Attorneys for Defendant Top Gear Inc, d/b/a Luxeyard, Inc. (for defensive claims) | Danny Sheena | Danny@sheenalawfirm.com<br>jason@sheenalawfirm.com |
| Attorneys for Defendants  Kevin Lisman, William W. Bartlett, Jr., Thomas Hudson, the Brompton Group NA, LLC, Tommy Allen and Jeff Lamont | Steven Engelhardt | steven@engelhardtlaw.com |
| Attorneys for Defendants  Lawrence Isen a/k/a Isen Family Trust, Lance Baral, Sano Holdings, Inc. and Kay Holdings, Inc. | J. Randle Henderson | Jrh@hendersonrandy.com |
| Attorneys for Jeffrey Sater | David K. Bissinger<br>Gerald S. Siegmyer<br>Jason E. Williams | dbissinger@bizlawhouston.com<br>gsiegmyer@bizlawhouston.com<br>jwilliams@bizlawhouston.com |
| Attorneys for Intervenor Babak Daghighi and Luxeyard, Inc. (for affirmative claims) | Kevin T. Kennedy | k.t.p.kennedy@gmail.com |
| Attorneys for David Nagelberg | John Courtade | johncourtade@johncourtade.com |
| Attorneys for Mark Trotter | Charley Davidson<br>Anthony Laporte | CDavidson@hanszenlaporte.com<br>ALaporte@hanszenlaporte.com |
| Attorney for Apex Clearing Corporation | Jonathan Neerman | jneerman@jw.com |
| Attorney for Wilson-Davis & Co. | Arthur Gollwitzer, III | agollwitzer@michaelbest.com |

/s/ Leslye E. Moseley
Leslye E. Moseley