### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| KHALED ALATTAR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-266 |
| | § | |
| SANO HOLDINGS, INC., *et al.,* | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to remand.  Dkt. 10.  After considering the parties' briefing, record evidence, and applicable law, the court is of the opinion that the motion to remand should be GRANTED and this case REMANDED back to the 113th Judicial District Court of Harris County, Texas.

### I.  BACKGROUND

This action was originally filed by plaintiff on September 18, 2012 in state court against Luxeyard, Inc.[1] ("Luxeyard") and numerous other defendants (not Sano Holdings, Inc.) for an alleged conspiracy to commit fraud and other related claims arising out of an illegal "pump and dump" stock scheme.  Dkt. 10, Ex. A.  Generally, plaintiff alleges that a scheme was devised by defendants to artificially and temporarily inflate the stock of plaintiff's company so that knowing investors and conspirators could sell the inflated stock for a large profit.  *Id.* at 5.  Ultimately, plaintiff alleges he was left with severely devalued stock and an unsuccessful business as a result of this pump and

---

[1] In Plaintiff's Fourteenth Amended Petition, plaintiff sued Top Gear, Inc. n/k/a Luxeyard, Inc.. Dkt. 10, Ex. A. While the party is referred to as "Top Gear" throughout plaintiff's petition, Top Gear, Inc. n/k/a Luxeyard, Inc. will be referred to herein as "Luxeyard" for the sake of consistency with the parties' briefing.

dump scheme.  *Id.* at 11.  Plaintiff seeks actual and exemplary damages and profit disgorgement in order to prevent defendants' unjust enrichment.  *Id.* at 6.

On May 13, 2013, Luxeyard filed suit against Aaron Bell, Christopher Bell, Rachel Bell, William Bell, and Jeffrey Sater for unjust enrichment related to the same scheme.  Dkt. 81, Ex. B. On November 17, 2013, Luxeyard also filed Cross-Claims and Third Party Petition against various co-defendants and additional third-party defendants, including Sano Holdings, Inc. ("Sano"), alleging claims arising out of the same pump and dump scheme.  Dkt. 10, Ex. B at 5.  In its cross-claims and third-party petition, Luxeyard asserted a claim for profit disgorgement pursuant to Section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78.  *Id.* at 19.  Sano was served with the third-party petition on January 22, 2014.  Dkt. 1.  It subsequently removed this action to federal court on February 5, 2014.  *Id.*  Plaintiff moved to remand.  Dkt. 10.  Intervenor Babak Daghighi and Luxeyard joined in plaintiff's motion to remand.  Dkts. 64, 74.

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim.  *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases involving diversity and an amount in controversy exceeding $75,000.  28 U.S.C. §§ 1331, 1332.  Removal of civil actions is governed by 28 U.S.C. § 1441.  "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . ."  *Id.* at § 1441(a).  A defendant seeking removal bears the burden of proving federal jurisdiction exists.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.

1995). Because the effect of removal is to deprive the state court of an action properly before it, the removal statute is to be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281-282 (5th Cir. 2007).

## III. ANALYSIS

In its notice of removal, Sano's sole basis for removal was premised on 28 U.S.C. § 1441(c). However, in its response to plaintiff's motion to remand, Sano now also claims that removal is proper under Section 1441(a) if the court realigns the parties according to their interests in this litigation. Dkt. 81 at 2.[2] Plaintiff argues that Section 1441(c) does not apply because the federal claim at issue is not joined with completely unrelated state law claims, or claims that do not fall within the court's supplemental jurisdiction. Dkt. 10 at 5. Further, plaintiff contends that Sano cannot remove under Section 1441(a) because it has no standing to do so as a third party defendant. Dkt. 10 at 9. The court will address both grounds for removal.

### A. 28 U.S.C. §1441(c)

Sano originally removed this case on the basis of Section 1441(c), arguing that its federal claim is a "separate and independent claim having one or more obligations distinct from the other claims." Dkt. 1. Section 1441(c) provides:

(1) if a civil action includes–

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

---

[2] Sano seeks leave to amend its notice of removal to assert Section 1441(a) as a basis for removal in this case. Because the court will address the permissibility of removal under Section 1441(a), the court finds it unnecessary and futile to grant Sano leave to amend its notice of removal. Therefore, Sano's request for leave to amend is denied.

3

> (B) a claim not within the original or supplemental jurisdiction of the
> district court or a claim that has been made nonremovable by statute,
> the entire action may be removed if the action would be removable
> without the inclusion of the claim described in subparagraph (B).

28 U.S.C. § 1441(c).[3]  Section 1441(c), then, only applies if a civil action includes a federal claim

and a claim not within the original or supplemental jurisdiction of the court.  By its terms, Section

1441(c) does not apply to the claims asserted in this case.

There is no dispute that the claim asserted by third-party plaintiff, Luxeyard, under  Section

16(b) of the Securities Exchange Act is a claim arising under the laws of the United States.

However, to be removable under Section 1441(c), the civil action must also include a claim that is

"not within the original or supplemental jurisdiction of the district court" or is "nonremovable by

statute."  *Id.*  Here, all the claims fall within the original or supplemental jurisdiction of this court.

The court has supplemental jurisdiction over claims "that are so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy under

Article III of the United States Constitution."  *Id.* at § 1367; *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 349, 108 S. Ct. 614 (1988) ("[A] federal court has jurisdiction over an entire action,

including state-law claims, whenever the federal-law claims and state-law claims in the case 'derive

from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be

expected to try them all in one judicial proceeding.") (citation omitted).  State and federal claims

form part of the same case or controversy when they derive from a "common nucleus of operative

fact."  *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–66, 118 S. Ct. 523 (1997); *Mendoza

v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).  A loose factual connection between the claims is

---

[3]  The removal statute was recently amended as part of the Federal Court Jurisdiction and Venue
Clarification Act and took effect January 6, 2012. 2011, Pub. L. No. 112-63, 125 Stat. 752.

generally sufficient.  *Stewart v. Am. Van Lines*, No. 4-12-CV-394, 2014 WL 243509, at *2 (E.D. Tex. Jan. 21, 2014) (citing WRIGHT & MILLER, 13D FED. PRAC. & PROC. § 3567.1).

Plaintiff's Fourteenth Amended Petition asserts various fraud-related state law claims seeking profit disgorgement and actual damages stemming from the pump and dump scheme.  Likewise, Luxeyard's Cross-Claims and Third-Party Petition seek the same profit disgorgement on the bases of fraud, conspiracy, unjust enrichment, and the Securities Exchange Act for the same scheme allegedly devised and carried out by the same individuals.  Under Section 16(b) of the Securities Exchange Act, a plaintiff must show short-swing profit based on a purchase and sale of a security by a director or officer of the issuer or by a beneficial owner of 10% of any class of the issuer's securities within a six-month period.  15 U.S.C. § 78p(b); *Credit Suisse Sec. (USA), L.L.C. v. Simmonds*, __ U.S. __, 132 S. Ct. 1414, 1416 (2012); *Levy v. Sterling Holding Co., L.L.C.*, 544 F.3d 493, 496 (3d Cir. 2008).  The evidence that Luxeyard must present to prove its federal claim will largely overlap with the proof necessary for plaintiff's claims.  Notably, Sano as much as concedes that the actions are the same or similar in its proposed amended notice of removal. Dkt. 81, Ex. G at 3 ("Both Alattar and Luxeyard's claims are based upon an alleged "pump and dump" scheme involving Luxeyard stock.  Both Alattar and Luxeyard seek disgorgement of all profits that Defendants allegedly made in connection with the acquisition and sale of Luxeyard stock.").  Thus, the court would have supplemental jurisdiction over plaintiff's claims because they all arise out of the same common nucleus of operative facts, namely, the pump and dump scheme of Luxeyard

5

stock.  Because the court would have supplemental jurisdiction over plaintiff's claims, Section

1441(c) does not apply, and Sano cannot rely on Section 1441(c) as a basis for removal.[4]

### B.    28 U.S.C. § 1441(a)

Section 1441(a) reserves the right to remove to "the defendant or the defendants" of a state

court action for which the district court has original jurisdiction.  28 U.S.C. § 1441(a).

"[D]efendant" or "defendants" in the removal statute has generally been construed narrowly to

include only the original defendant or defendants.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313

U.S. 100, 108-09, 61 S. Ct. 868 (1941); *Huntsman Corp. v. Int'l Risk Ins. Co.*, No. H-08-1542, 2008

WL 4453170, at *3 (S.D. Tex. Sept. 26, 2008).  In *Shamrock Oil*, the Supreme Court held that a

counter-claim defendant was not a "defendant" under Section 1441(a) and instructed lower courts

to construe the removal statute strictly.  *Shamrock Oil*, 131 U.S. at 108-09.

While Sano recognizes that third party defendants are prohibited from removing under

Section 1441(a), it urges the court to realign the parties.  Specifically, Sano contends that Luxeyard

should be realigned as a plaintiff, making Sano a defendant in this action and a proper removing

party under Section 1441(a).  In support of its argument, Sano recounts the procedural history of the

case in state court:  Alattar filed his action on September 18, 2012 against Luxeyard and other

defendants.  Dkt. 81, Ex. A.  Luxeyard filed a similar suit on May 13, 2013 against Aaron Bell,

---

[4] Section 1441(c) does not limit its application to "defendant" or "defendants" as does the general
removal statute in Section 1441(a).  On this basis, the Fifth Circuit has created a limited exception that third
party defendants may remove an action under Section 1441(c) if the removable claim in a third party
complaint is separate and independent of the claims in the original suit.  *Carl Heck Engineers, Inc. v.
Lafourche Parish Police Jury*, 622 F.2d 133, 136 (5th Cir. 1980).  The parties have briefed whether
Luxeyard's claim is separate and independent and whether the *Heck* ruling survives the amendment of the
removal statute; however, the court finds it unnecessary to rule on such arguments because Section 1441(c)
does not apply in this case.

Christopher Bell, Rachel Bell, William Bell, and Jeffrey Sater.[5]  *Id.* at Ex. B.  The cases were ultimately consolidated in state court under the Alattar cause number, as the first-filed action.  *Id.* at Ex. D.  On the date of the consolidation, Luxeyard filed its Cross-Claims and Third Party Petition against Sano and others.  *Id.* at Ex. E.  Sano notes that Luxeyard was originally a plaintiff and has similar interests in the outcome of this litigation as plaintiff.

Generally, "it is [the] duty . . . of lower federal courts, to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'"  *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n.5, 110 S. Ct. 297 (1989) (citations omitted).  "The generally accepted test of proper alignment is whether the parties with the same ultimate interests in the outcome of the action are on the same side."  *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1177-78 (5th Cir. 1984) (citations and internal quotation omitted).  The necessity of realignment must be assessed based on the "principal purpose of the suit" and the "primary and controlling matter in dispute" as determined by plaintiff's complaint.  *Zurn Indus., Inc. v. Acton Constr. Co., Inc.*, 847 F.2d 234, 237 (5th Cir. 1988).  The primary purpose of the suit does not include the cross-claims or counterclaims filed by the defendants.  *Id.*

Many courts in the Fifth Circuit, however, "have seriously questioned whether the procedural mechanism of realignment can be used to support removal."  *Salge v. Buchanan*, No. C-07-212, 2007 WL 1521738, at *4 n.5 (S.D. Tex. May 24, 2007) (collecting cases);  *Huntsman Corp.*, 2008 WL 4453170, at *4 (noting the trend in the Fifth Circuit disapproving of the use of realignment after removal to cure a defect in removal jurisdiction).  The major Supreme Court and Fifth Circuit cases

---

[5]  Luxeyard has since dismissed its cross-claims against all of these parties, except Jeffrey Sater. Dkt. 96.

addressing realignment involved questions of whether suits originally filed in federal court (rather than removed) warranted realignment to satisfy diversity jurisdiction. *Salge*, 2007 WL 1521738, at *4 n.5.

While the court is not convinced that Sano is allowed to use realignment as a third party defendant to create removal jurisdiction under Section 1441(a), the court need not address this issue because realignment is not appropriate in this case. Based on the procedural history and the nature of Luxeyard's claims, Sano contends that Luxeyard's interests align with plaintiff's and that Luxeyard was an original plaintiff before consolidation. Sano, however, ignores the nature and status of plaintiff's claims. Plaintiff has legitimate common law and statutory fraud claims against Luxeyard for which he seeks actual and exemplary damages. While certain of plaintiff and Luxeyard's interests may align with respect to the investors and the originators of the alleged scheme, the court cannot discount that their interests diverge with respect to Luxeyard's alleged fraudulent conduct within the scheme. In this regard, the interests of plaintiff and Luxeyard are not aligned, but are adversarial. In light of the court's obligation to strictly construe the removal statute and resolve all doubts in favor of remand, the court declines to realign the parties in order to make Sano a proper removing party under Section 1441(a).[6]

## C.    Attorney's Fees

Finally, plaintiff requests costs and attorney's fees for the time and expense involved with preparing and filing his motion to remand. Section 1447(c) grants the court discretion to award

---

[6] Plaintiff additionally asserts that Sano's removal is improper because all necessary defendants did not timely consent to removal and Sano waived its right to removal. Given the court's ruling that Sano is unable to remove under Sections 1441(a) and 1441(c), the court need not address these additional arguments by plaintiff.

8

"payment or just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(c); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). The Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S. Ct. 704 (2005). The court finds, in its discretion, that plaintiff should not be awarded attorneys' fees. The split of authority on the issues of removal by third party defendants and realignment and the recent amendment to the removal statute have created ambiguities in the context of removal by third party defendants. Thus, the court finds that Sano's bases for removal were not objectively unreasonable.

## IV. CONCLUSION

Because Sano Holdings improperly removed this case from state court, the court GRANTS plaintiff's motion to remand. Dkt. 10. This case is hereby REMANDED to the 113th Judicial District Court of Harris County, Texas. Plaintiff's request for attorneys' fees is denied. Further, all additional pending motions[7] are DENIED as moot.

It is so ORDERED.

Signed at Houston, Texas on July 17, 2014.

_____

Gray H. Miller
United States District Judge

---

[7] Dkts. 12, 14, 15, 16, 17, 36, 108, and 126.